Jordan L. Lurie (SBN 130013)
Jordan.Lurie@capstonelawyers.com
Tarek H. Zohdy (SBN 247775)
Tarek.Zohdy@capstonelawyers.com
Cody R. Padgett (SBN 275553)
Cody.Padgett@capstonelawyers.com
Karen L. Wallace (SBN 272309)
Karen.Wallace@capstonelawyers.com
Capstone Law APC
1875 Century Park East, Suite 1000
Los Angeles, California 90067
Telephone:   (310) 556-4811
Facsimile:   (310) 943-0396

Attorneys for Plaintiff
Carolina Martinez

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CAROLINA MARTINEZ, individually, and on behalf of a class of similarly situated individuals,<br><br>Plaintiff,<br><br>v.<br><br>AMERICAN HONDA MOTOR CO., INC., a California corporation, and HONDA NORTH AMERICA, INC., a California corporation,<br><br>Defendant. | Case No.:<br><br>**CLASS ACTION COMPLAINT FOR:**<br><br>(1)  Violations of California's Consumers Legal Remedies Act<br>(2)  Violations of Unfair Competition Law<br>(3)  Breach of Implied Warranty pursuant to Song-Beverly Consumer Warranty Act<br>(4)  Breach of Implied Warranty pursuant to the Magnuson-Moss Warranty Act<br>(5)  Unjust Enrichment<br><br>**DEMAND FOR JURY TRIAL** |

1    1.    Plaintiff Carolina Martinez ("Plaintiff") brings this action for herself
2    and on behalf of all persons in the United States, excluding New Jersey, who
3    purchased or leased any 2013-2015 Honda Accord or any 2013-2015 Honda
4    Crosstour (collectively, "Honda Vehicles" or "Class Vehicles") designed,
5    manufactured, marketed, distributed, sold, warranted, and/or serviced by
6    American Honda Motor Co., Inc., and Honda North America, Inc. ("Honda" or
7    "Defendant"). Plaintiff alleges as follows:

8    **INTRODUCTION**

9    2.    This is a consumer class action concerning a failure to disclose
10   material facts and a safety concern to consumers.

11   3.    Honda marketed and sold the Class Vehicles without disclosing that
12   the Class Vehicles' starter motors were prone to premature failure. Honda also
13   failed to disclose that the Class Vehicles were equipped with low-capacity
14   batteries subject to premature wear.

15   4.    Specifically, Plaintiff is informed and believes that the Class
16   Vehicles' starter motor is prone to premature failure due, in part, to inadequate
17   clearance between the starter motor's gear and the engine's torque converter ring
18   gear (the gear with which the starter meshes to spin the engine). This causes the
19   starter motor to wear prematurely. As a result, the vehicles can fail to start (the
20   "Starter Motor Defect").

21   5.    In addition, Honda failed to disclose that it equipped the Class
22   Vehicles with small, low-capacity batteries that are prone to premature wear and
23   which, after a period of operation, lack sufficient current to power the defective
24   starter motor or handle the general power duties of the vehicle. As a result, the
25   Class Vehicles can fail to start or even lose power and stall during operation.

26   6.    Plaintiffs are informed and believe that since 2013, if not earlier,
27   Honda has been aware that the starter motor installed in the Class Vehicles is
28

1   prone to premature failure and that the Class Vehicles' battery would require
2   frequent replacement, yet Honda continued to install the defective starter motor
3   and inadequate battery. Moreover, Honda not only refused to disclose the
4   problem to consumers, but it also actively concealed, and continues to conceal,
5   its knowledge concerning the defective starter motor and prematurely wearing
6   batteries.

7          7.     Honda undertook affirmative measures to conceal failures through,
8   among other things, Technical Service Bulletins ("TSB") issued to its authorized
9   repair facilities.

10         8.     Although Honda was sufficiently aware of the problem as a result of
11  pre-production testing, design failure mode analysis, and customer complaints
12  made to dealers, all of this knowledge and information was exclusively in the
13  possession of Honda and its network of dealers and, therefore, it was unavailable
14  to consumers.

15         9.     Additionally, notwithstanding its knowledge of the potential safety
16  concerns associated with the Starter Motor Defect, Honda issued a TSB to its
17  dealerships, informing them that the Class Vehicles' starter motors should be
18  replaced. But Honda did not inform consumers about the TSB. Furthermore,
19  Honda's TSB failed to provide a permanent solution to remedy all the problems
20  cause by the Starter Motor Defect.

21         10.    As a result of Honda's failure to disclose the fact that the Engine
22  Start System installed in the Class Vehicles is prone to unavoidable premature
23  failure, consumers are required to spend hundreds, if not thousands, of dollars to
24  repair the Engine Start System. The Engine Start System's marked tendency to
25  premature failure is material because no reasonable consumer expects to spend
26  hundreds, if not thousands, of dollars to repair or replace essential components of
27  the Engine Start System in the early years of vehicle ownership.

28

11.     The Starter Motor Defect is also material to consumers because it presents an unreasonable safety risk. Failure to start can leave drivers and passengers stranded. Furthermore, on information and belief, batteries that wear prematurely and unexpectedly can result in a sudden loss of power, causing the vehicles to slow or stop without warning. Should the loss of power occur in traffic, occupants of the vehicles are exposed to the risk of collisions.

12.     Due to Defendant's failure to disclose the alleged defect, Plaintiff and putative class members have been required to incur costly repairs that have conferred an unjust substantial benefit upon Defendant.

13.     Had Honda disclosed the Starter Motor Defect to Plaintiff and Class Members, Plaintiff and the Class Members would not have purchased the class vehicles, would have paid less for them, or would have required Honda to replace the Engine Start System before the warranty periods expired.

**THE PARTIES**

**<u>Plaintiff Carolina Martinez</u>**

14.     Plaintiff Carolina Martinez is a California citizen who resides in Norwalk, California.

15.     On or around September 28, 2014, Ms. Martinez purchased a new 2015 Honda Accord from Norm Reeves Honda, an authorized Honda dealer in Cerritos, California.

16.     Prior to purchase, Ms. Martinez reviewed the Monroney Sticker with information regarding the vehicle. Ms. Martinez also test drove her vehicle with a dealership salesperson prior to purchase. Further, over a period of several years prior to her purchase in 2014, Ms. Martinez was exposed to Honda's advertising campaign, including television commercials regarding the Honda Accord.

17.     Honda's omissions were material to Ms. Martinez. Had Honda

disclosed its knowledge of the Starter Motor Defect before Ms. Martinez purchased her 2015 Honda Accord, she would have seen and been aware of the disclosures. Had she been aware of the Starter Motor Defect before purchase, Ms. Martinez would not have purchased her vehicle.

18.     On or around March 10, 2017, with approximately 25,300 miles on the odometer, Ms. Martinez was unable to start her vehicle and had to jump-start it. Ms. Martinez tried to take her vehicle back to Norm Reeves Honda but was unable to get an appointment there. Instead, she brought her vehicle to an O'Reilly Auto Parts store, where she was informed her battery was not producing sufficient current. Ms. Martinez had to purchase a new battery for $151.08.

19.     Over the next few days, Ms. Martinez continued to have trouble starting her vehicle. Specifically, Ms. Martinez would push the Start button, but the engine would fail to crank.

20.     On or about March 15, 2017, at approximately 25,341 miles, Ms. Martinez complained to Norm Reeves Honda that her vehicle had failed to start, that O'Reilly Auto Parts had found her battery was failing to produce adequate current, and that - despite installing a new battery - her vehicle was still having trouble starting. The Honda dealer verified Ms. Martinez's complaint, finding, as written on the repair order, that the starter motor was inoperable. The dealership replaced the starter motor.

21.     Plaintiff purchased her vehicle primarily for personal, family, or household use.

22.     At all times, Plaintiff, like all Class Members, has driven her vehicle in a foreseeable manner and in the manner in which it was intended to be used.

**Defendant**

23.     Defendants American Honda Motor Co., Inc. and Honda North

America, Inc. are corporations organized and in existence under the laws of the State of California and registered to do business in the State of California. On information and belief, at all relevant times herein, American Honda Motor Co., Inc. was engaged in the business of designing, manufacturing, marketing, distributing, and selling automobiles and other motor vehicles and motor vehicle components in California and throughout the United States of America.

24.     At all relevant times, Defendants were and are engaged in the business of designing, manufacturing, constructing, assembling, marketing, distributing, and/or selling automobiles and motor vehicle components in Los Angeles County and throughout the United States of America.

## JURISDICTION

25.     This is a class action.

26.     Members of the proposed Class are citizens of states different from the home state of Defendants.

27.     On information and belief, aggregate claims of individual Class Members exceed $5,000,000.00 in value, exclusive of interest and costs.

28.     Jurisdiction is proper in this Court pursuant to 28 U.S.C. § 1332(d).

## VENUE

29.     Honda, through its business of distributing, selling, and leasing the Class Vehicles, has established sufficient contacts in this district such that personal jurisdiction is appropriate.  Defendant is deemed to reside in this district pursuant to 28 U.S.C. § 1391(a).

30.     Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) because Plaintiff resides in the County of Los Angeles, California. In addition, Plaintiff's Declaration, as required under California Civil Code section 1780(d) but not pursuant to *Erie* and federal procedural rules, reflects that a substantial part of the events or omissions giving rise to the claims alleged herein occurred,

1    or a substantial part of property that is the subject of this action, is situated in

2    Los Angeles County, California.  It is attached as Exhibit 1.

3                              **FACTUAL ALLEGATIONS**

4        31.    Honda is known throughout the United States as a major

5    manufacturer of automobiles and related products, which are sold under the

6    Honda and Acura brands.

7        32.    Honda designed, manufactured, imported, distributed, and marketed

8    the Class Vehicles in the United States, including California.  Honda also

9    provides maintenance services for the Class Vehicles through its nationwide

10   network of authorized dealers and service providers.

11       33.    Internal combustion automobile engines, like those in the Class

12   Vehicles, require a powerful external force to "crank" and start running on their

13   own power. In the 1920s and 1930s, this external force was provided by the

14   driver or an unlucky friend who started the engine by turning a hand crank. In

15   modern vehicles, this initial cranking force is provided by an electronic starter

16   motor.

17       34.    The starter motor is powered by a short, heavy current delivered

18   from the car's battery to the starter motor via thick cables. The starter motor

19   delivers a powerful rotational force to the engine by pushing its pinion gear into

20   contact with the torque converter ring gear. When the engine begins running, the

21   starter motor retracts its pinion gear to allow the engine to spin freely. If the

22   pinion gear were to fail to disengage, the starter motor would rotate too rapidly

23   due to the force of the engine and suffer damage.

24       35.    Pictured in figure one, below, is a generic starter motor, the starter

25   motor's pinion gear, and the connection with the engine (in this example, the

26   starter motor connects to the engine via an engine flywheel; in the class vehicles,

27   it connects with the engine via a torque converter ring gear). *Figure one* shows

28

CLASS ACTION COMPLAINT

the starter motor's pinion gear *disengaged* from the engine:

*Figure one – Pinion Gear Disengaged from Engine Flywheel*



36.    When the starter motor is operating, the pinion gear moves into place and connects with the engine, as shown in figure two, below:



*Figure two – Pinion Gear Engaged with Engine Flywheel*

37.    Plaintiff is informed and believes that the Class Vehicles' starter motor is prone to premature failure due, in part, to inadequate clearance between

CLASS ACTION COMPLAINT

the starter motor's gear and the gear with which the starter meshes to spin the engine (the engine's torque converter ring gear). This inadequate clearance results in premature wear to the starter motor, which can prevent the vehicles from starting.

38.    In addition, because it is unusually low-capacity, the Class Vehicles' battery is prone to premature failure; after only a short period of operation, it lacks sufficient current to power the defective starter motor or handle the general power duties of the vehicle. As a result, the Class Vehicles can fail to start or even lose power and stall during operation.

39.    The alleged Starter Motor Defect is inherent in all Class Vehicles and the Defect is the same for all Class Vehicles.

40.    On information and belief, dating back to at least 2013, Honda was aware of the defects of the starter motor and battery. Honda, however, failed to disclose these known defects to consumers. As a result of this failure, Plaintiff and Class Members have been damaged.

**The Starter Motor Defect Poses an Unreasonable Safety Hazard**

41.    The Starter Motor Defect poses an unreasonable safety risk. Failure to start can leave consumers stranded, and stalling can cause an unexpected loss of power while driving. When a loss of power or inability to re-start a vehicle occurs in traffic, occupants of the vehicles are exposed to the risk of collisions or causing collisions.

42.    Many purchasers and lessees of the Class Vehicles have experienced problems with the starter motor and battery.  Complaints filed by consumers with the National Highway Traffic Safety Administration ("NHTSA") and elsewhere online demonstrate that the defect is widespread and dangerous and that it manifests without warning.  The complaints also indicate Defendant's awareness of the problems with the starter motor and battery and how potentially dangerous

CLASS ACTION COMPLAINT

they are for consumers.  The following are some safety complaints relating to the

Starter Motor Defect (spelling and grammar mistakes remain as found in the

original) (Safercar.gov, *Search for Safety Issues* (June 13, 2017).

**2013 Honda Accord**

a. July 26, 2013 WHEN I START UP THE CAR IT WOULDN'T
START. THE LIGHT, ACC, RADIO EVERYTHING TURNS ON
BUT THE ENGINE WONT START. I TRY SEVERAL TIMES BUT
IT WILL NOT START, I GOT OUT THE CAR LOCK IT, THEM I
DECIDE TO TRY AGAIN AND THEM IT STARTED. I BOUGHT
THE CAR IN MAY 2013 THIS IS THE 3RD TIME IT HAPPEN
SAME EXACT WAY. ALSO A BUZZING NOISE COMING FROM
THE RADIO OR BLUETOOTH. I TOOK IT TO THE DEALER
THEY COULD NOT FOUND ANYTHING WRONG WITH IT. THE
BATTERY WAS FINE ACCORDING TO THE DEALER. *TR

b. January 24, 2014 VEHICLE DOES NOT START EASILY. 3-5
IGNITION ATTEMPTS ARE NEEDED TO START IT EVERY
TIME. HOWEVER, ONCE IT STARTS EVERYTHING SEEMS
FINE. THE BATTERY WAS CHECKED BY THE DEALER AND
FOUND TO BE FINE. THE PROBLEM IS NOT COLD RELATED
AS IT OCCURS EVEN AT 40 F. *TR

c. April 21, 2015 MY VEHICLE SHUT DOWN WHILE PARKED IN
AN PLAZA ON PEMBROKE ROAD AT THE BEGINNING ON
MARCH 2015. THIS HAPPENED AGAIN X 2 WHILE THE
VEHICLE WAS PARKED (ENGINE RUNNING) ON SEPARATE
DAYS. THE LAST TIME IT HAPPENED I WAS DRIVING
ALONG PINES BOULEVARD IN PEAK HOUR TRAFFIC
(TUESDAY APRIL 21ST 2015). AS I APPROACHED THE
INTERSECTION OF HIATUS ROAD AND PINES BOULEVARD
I STARTED SLOWING DOWN FOR A RED LIGHT. THE
VEHICLE THEN SHUT DOWN/STALLED AGAIN. THE FACT
THAT THERE WAS A RED LIGHT HELPED TO PREVENT AND
ACCIDENT. AS EVERYONE DRIVING IN THE SAME
DIRECTION HAD TO STOP. THIS TIME I HAD TO CALL FOR A
POLICE CRUISER TO STAND IN PLACE UNTIL I WAS ABLE
TO GET A TOW OR GET IT STARTED AGAIN. AFTER ABOUT
30 MINUTES, I FINALLY GOT IT STARTED AGAIN AND MADE
IT HOME. I TOOK IT TO A HONDA DEALER ON WEDNESDAY
APRIL 22, 2015. THEY WERE ABLE TO REPLICATE THE ISSUE
BUT AFTER REPLACING THE BATTERY (4-23-2015), FUEL
PUMP (4-24-2015) THEY SAID THAT THE ISSUE STILL
PERSISTS AND IS NOW GETTING MORE FREQUENT.

THEY (AUTONATION HONDA IN MIAMI LAKES) HAVE BEEN
TRYING TO 'FIX' THE PROBLEM BUT THEY HAVE NOT YET
SUCCEEDED.        TODAY        IS        MAY        3RD        2015

I AM ASKING THAT THE NTSB LOOKS INTO THIS ISSUE, AS

THE LAST TIME IT HAPPENED I WAS IN PEAK HOUR TRAFFIC. THIS ISSUE CAN LEAD TO AN ACCIDENT. I ALSO CONTACTED HONDA CORPORATE CUSTOMER SERVICE AND REPORTED THE ISSUE.

d. August 11, 2015 I HAVE A HONDA ACCORD 2013 (JUST 2 YEARS OLD) WITH 59209 MILES ON IT.

CAR SOMETIMES CLICKS AND WILL NOT START. SOMETIME IT WILL START AFTER ABOUT 5 TO 10 TRIES. OR WAITING FOR A WHILE. SOMETIMES THE CAR STARTS FINE ON THE FIRST TRY. I TALKED TO HONDA OF AMERICA ON 7/20/2015 AND THEY SAID IT MIGHT BE THE STARTER OR IGNITION GOING BAD AND SHOULD BE COVERED UNDER THE 5 YEAR/60K POWER TRAIN WARRANTY. I TOOK IT TO THE DEALER YESTERDAY AND THEY DIAGNOSED IT TO THE STARTER MOTOR AND REPLACED IT AND SAID THAT IT IS NOT COVERED UNDER THE POWER TRAIN WARRANTY. I THEN TALKED TO HONDA AND THEY SAID THAT THEY ARE SORRY FOR THE MISINFORMATION I RECEIVED AND IT IS NOT COVERED UNDER THE POWER TRAIN WARRANTY. THE NEW CAR WARRANTY IS COVERED ONLY BY THE 3 YR/36K WHICH EVER COMES FIRST. THE CAR IS ONLY 2 YEARS OLD AND THE STARTER MOTOR SHOULDN'T GO BAD.

e. September 28, 2015 TL* THE CONTACT OWNS A 2013 HONDA ACCORD. THE CONTACT STATED THAT THE ENGINE FAILED TO START. THE FAILURE HAD RECURRED ON NUMEROUS OCCASIONS. THE VEHICLE WAS TAKEN TO THE DEALER. THE VEHICLE WAS NOT DIAGNOSED OR REPAIRED. THE MANUFACTURER WAS NOT NOTIFIED OF THE FAILURE. THE APPROXIMATE FAILURE MILEAGE WAS 35,000. THE VIN WAS NOT PROVIDED.

f. October 15, 2015 I PURCHASED A NEW 2013 HONDA ACCORD SPORT (CVT) IN 2013. AS OF OCTOBER 6, 2015, THE CAR IS ABOUT 2 YEARS OLD AND HAS APPROXIMATELY 37,447 MILES. THE VEHICLE STARTED HAVING INTERMITTENT STARTING PROBLEMS. THE ENGINE DOES NOT CRANK AND ALL I HEAR ARE CLICKS. IT TAKES 3-5 IGNITION ATTEMPTS FOR THE VEHICLE TO START. SOMETIMES IT WILL START ON THE FIRST TRY. FURTHERMORE, SOMETIMES I LEAVE IT ALONE FOR ABOUT A SECOND OR TWO WITH THE KEY OUT AND THEN IT WILL START. ONCE IT STARTS, EVERYTHING SEEMS TO BE FINE.

I BROUGHT THE VEHICLE TO THE DEALERSHIP TO HAVE THEM TEST THE BATTERY AND THE RESULT WAS A GOOD BATTERY. THE DEALERSHIP COULD NOT DUPLICATE THE INTERMITTENT STARTING ISSUE AND WILL NOT GIVE A GOODWILL WARRANTY TO DIAGNOSE AND REPAIR THIS STARTUP PROBLEM. THEY SAID I WOUD HAVE TO PAY IF NOT COVERED UNDER WARRANTY. THIS IS A NEW CAR AND THIS SHOULD NOT HAPPEN.

CLASS ACTION COMPLAINT

g. October 31, 2015 CAR HAD INTERMITTENT STARTING PROBLEMS. TURNED THE KEY MULTIPLE TIMES AND JUST HEARD CLICKS. ENGINE DOES NOT CRANK. WOULD NOT START WHILE RUNNING ERRANDS AND HAD TO PUSH IT TO A NEARBY GARAGE. THEY REPLACED THE STARTER AND IT NEVER HAD THE PROBLEM AGAIN. CAR HAD JUST PASSED 36K AND AMERICAN HONDA WILL NOT REIMBURSE FOR THE WORK DONE BECAUSE IT WAS NOT A HONDA DEALERSHIP, BUT IT WAS OEM STARTER. BAD STARTERS ON THESE CARS. HONDA SHOULD BE ACCOUNTABLE FOR THIS AS THE CAR IS ONLY 2 YEARS OLD. SIGNIFICANTLY BELOW THE AVERAGE LIFE OF A STARTER. UNACCEPTABLE...

h. November 23, 2015 CAR WILL NOT START IN THE MORNINGS: WITHIN A MONTHS 3 TIMES…

i. January 7, 2016 MY ACCORD HESITATES WHEN PUT TO D FROM A STOP OR ACCELERATING FROM STOP. LOW RPM OR ZERO SPORADICALLY EVEN WHILE LEAVING MY DRIVEWAY. IT USUALLY HAPPENS FROM PARK TO DRIVE OR REVERSE TO DRIVE.

IT HAS STALLED WHILE LEAVING A STOP SIGN OR AN INTERSECTION ON THE STREET. SHOULD BE CONSIDERED A SAFETY ISSUE BECAUSE IT COULD CAUSE AN ACCIDENT. I'VE BEEN TOLD BY THE DEALER THAT IS A HONDA ISSUE AND TO BASICALLY LIVE WITH THE PROBLEM.

I'VE BEEN HAVE THIS ISSUE SINCE I BOUGHT THE CAR IN NOVEMBER 2015.

j. January 28, 2016 I GOT IN MY CAR IN THE MORNING IN THE GARAGE. STEPPED ON THE BRAKE TO START THE ENGINE AND IT WOULDN'T START BUT THE CAR POWER WAS ON. I ENDED UP HAVING TO CALL AAA TO TOW THE CAR TO HONDA. AAA WAS ABLE TO JUMP THE CAR AND I DROVE IT TO SAN LEANDRO HONDA. THEY COULDN'T FIND ANYTHING WRONG WITH THE CAR. I LOOKED ON LINE AND SAW YOU TUBE VIDEOS WITH OTHER PEOPLE WHO HAD HONDA'S AND THE SAME THING HAPPENED TO THEM.

k. March 19, 2016 2013 ACCORD SPORT IS STARTING TO HAVE A STARTING PROBLEM. SOMETIMES ENGINE DOES NOT TURN OVER WHEN FIRST TURNING THE KEY. AND FROM WHAT I HAVE READ ON THIS SITE IT SOUNDS LIKE IT IS PROGRESSIVELY GOING TO GET TO THE POINT OF HAVING TO REPLACE THE STARTER.

l. April 10, 2016 MY FAMILY AND I WERE STRANDED DUE TO OUR 2013 HONDA ACCORD NOT STARTING. WE JUST CAME OUT OF THE MOVIES AND THE CAR WAS STATIONARY IN THE PARKING LOT. I TURNED THE KEY AND IT WOULD JUST CLICK. I HAD TO PAY FOR TOWING AND OVER $800 TO HAVE THE STARTER REPLACED AT THE HONDA DEALER. IT

CLASS ACTION COMPLAINT

WOULD HAVE BEEN MORE, BUT I CALLED ANOTHER DEALER AND THEY PRICE MATCHED THE STARTER. I DRIVE A LOT OF MILE TO WORK SO I HAVE OVER 60K MILES IN 2 YEARS. AFTER DOING A LITTLE RESEARCH I FOUND THAT THIS PROBLEM IS HAPPENING TO A LOT OF PEOPLE. THE PROBLEM CAN BE SEEN ON FORUMS AND YOUTUBE VIDEOS. THIS PROBLEM SEEMS TO AFFECTS NEW CARS BASE     MODELS,     PUSH     BUTTONS,     V6'S     ETC.

I THINK THE STARTER SHOULD BE RECALLED BECAUSE MANY PEOPLE ARE BEING FORCED TO REPLACE STARTERS THAT THE DEALER SEEMED TO KNOW WAS BAD.

m. March 31, 2016 CAR WON'T START ABOUT A MONTH AGO I BOUGHT A 2013 HONDA ACCORD EXL V6. IT WORKED FINE FOR ABOUT A WEEK. BUT SOON AFTER THAT I STARTED EXPERIENCING STARTING PROBLEMS. I HAVE TAKEN IT TO THE MECHANIC MANY TIMES. I HAVE HAD THE ELECTRICAL SYSTEM CHECKED, REPLACED STARTER, THE BATTERY ETC. THE PROBLEM STILL PERSISTS. AFTER DOING MUCH RESEARCH I HAVE LEARNED THAT THIS IS A PROBLEM THAT IS VERY WIDE SPREAD. THERE ARE SEVERAL YOU TUBE VIDEOS. AND POSTS OF FRUSTRATED OWNERS UNABLE TO START THEIR CARS CONSTANTLY HAVING TO REPLACE THE STARTED IN MOST CASES. EVERY CAR FROM 2013-2016 IS SUFFERING FROM THIS PROBLEM OF BEING UNABLE TO START. AS A COLLEGE STUDENT I DON'T HAVE THAT MUCH MONEY TO CONSTANTLY FIX IT AS IT HAPPENS. THIS WAS SUPPOSED TO BE A RELIABLE CAR. TO REPLACE MY OLD CAR WHICH WAS DEVELOPING MAJOR PROBLEMS. BUT AT LEAST THE CAR STARTED EVERY TIME. PLEASE ADDRESS THIS ISSUE WITH URGENCY MANY PEOPLE DEPEND ON THESE VEHICLES, TO GET TO WORK SCHOOL ETC.

n. May 19, 2016 I HAD TO TOW MY CAR HOME TODAY. IT WOULDN'T START. I HAVE HAD TROUBLE WITH IT IN THE PAST WEEKS NOW BUT IT WOULD START EVENTUALLY BUT NOT THIS TIME. I MIGHT LOSE MY JOB BECAUSE OF THIS CAR FAILURE. WEITHER IT WAS STATIONARY YES BUT COULD OF BEEN BLOCKING TRAFFIC.

o. May 21, 2015 2013 ACCORD SPORT IS STARTING TO HAVE A STARTING PROBLEM. SOMETIMES ENGINE DOES NOT TURN OVER WHEN FIRST TURNING THE KEY. AND FROM WHAT I HAVE READ ON THIS SITE. IT SOUNDS LIKE IT IS PROGRESSIVELY GOING TO GET TO THE POINT OF HAVING TO REPLACE THE STARTER. NOT HAPPY. I WAS HOPING ON HAVING A RELIABLE CAR WHEN I BOUGHT THIS CAR.

p. May 23, 2016 I GOT IN MY CAR THIS MORNING AND COULDN'T GET IT TO START AGAIN. I HAD TO CALL AAA TO JUMP MY CAR.

q. May 30, 2016 THIS ISSUE STARED LAST WEEK I DIDN'T

THINK TOO MUCH ON THIS BUT AS THE DAYS GOES ON IT TAKE LONGER FOR ME TO START MY CAR AND ME DAY I HAVE TO STOP AT LEASE 2 TO 4 TIMES TO GET THE CAR TO START. AS I CONTINUE TO SEARCH ONLINE TO SEE WHAT WAS THE ISSUE. I AM SEEING MORE AND MORE OF THIS PROBLEM OF WHAT I AM HAVING. MY CAR HAS BEEN PARKED AND THERE IS NO WIRES CONNECTED TO THE CAR TO DRAIN THE BATTERY. I HAVE CHANGE BOTH MY CAR BATTERY IN MY KEY BATTERY ALREADY. THIS IS VERY ANNOYING I'VE BEEN USING HONDA FOR MANY YEARS NOW AND I NEVER HAD THIS PROBLEM. WITH MY OTHER PASS HONDA I WOULD HAVE TO TURN THE KEY.

r.  June. 14. 2016 STARTER MOTOR DOESN'T ENGAGE. THE MOTOR TURNS BUT DOESN'T MAKE ENGINE TURN OVER.

s.  June. 21. 2016 STARTER MOTOR HAD PROGRESSIVE PREMATURE FAILURE. BEGAN HAVING PROBLEMS WITH CAR NOT STARTING ABOUT A MONTH AGO. LOUD CLICK. ALL DASH LIGHTS WOULD COME ON. BUT NO CRANK OR START. EVENTUALLY WOULD NOT RE-START AND LEFT CAR STRANDED. CAR STARTED WITH JUMPER CABLES. DEALER DIAGNOSED STARTER FAILURE. VEHICLE IS 2-1/2 YEARS OLD WITH 49,845 MILES. DEALER DID NOT OFFER WARRANTY REPAIR. COST FOR REPLACEMENT WAS $724.00.

t.  August 3, 2016 INTERMITTENT ENGINE STARTING. STARTER IS ENERGIZED BUT FAILS TO START MOTOR. A LOUD GNASHING OR GRINDING CAN BE HEARD AS THE STARTER TRIES TO TURN MOTOR. IT SOUNDS AS IF THE STARTER DOESN'T FULLY ENGAGE THE FLEX PLATE/FLYWHEEL. ENGINE EVENTUALLY STARTS AFTER SEVERAL (AS MANY AS 10) ATTEMPTS. THE PROBLEM IS NOT CONSISTENT WITH ANY CONDITION. I'VE DRIVEN 2 WEEKS WITH NO ISSUES THEN WILL HAVE 5 EPISODES IN 2 DAYS. A COMPLETELY RANDOM OCCURRENCE BUT VERY FRUSTRATING AND EMBARRASSING.

u.  August 12, 2016 I AM THE FIRST OWNER OF MY 2013 HONDA ACCORD SPORT AND 2 MONTHS AGO I DEVELOPED AN ISSUE WITH THE STARTER. I'VE REPLACED THE STARTER TWICE AND TONIGHT GOT STRANDED AND HAD TO CALL A TOW TRUCK TO BRING IT HOME. I'VE GONE TO THE HONDA DEALER AND, OF COURSE, THERE'S AN ISSUE WITH THE STARTER, BUT IT WILL COST $1000+ TO FIX! THIS ISSUE MUST BE INVESTIGATED AND RECALLED AS SOON AS POSSIBLE. HONDA IS FULLY AWARE OF ALL OF THESE ISSUES AND IF YOU GET THE RIGHT TECHNICIAN AT THE DEALERSHIP - THEY'LL TELL YOU HONDA IS FULLY AWARE, BUT COULDN'T CARE LESS! 2 STARTERS LATER - I'M STILL IN THE SAME POSITION!

v.  August 16. 2016 I PARKED VEHICLE ON RESIDENTIAL CITY STREET. RETURNED TO THE VEHICLE 15 MINUTES LATER

AND VEHICLE WOULD NOT START. MANY OF THE INDICATOR LIGHTS CAME ON. CALLED AAA. INITIAL TECHNICIAN RESPONDED AND COULD NOT START THE CAR BY JUMPING WITH BATTERY PACK. BATTERY TESTED OK. TOW TRUCK WAS CALLED. OPERATOR TRIED TO JUMP THE VEHICLE AGAIN WITH BATTERY PACK AND THE VEHICLE STARTED. TOW TRUCK OPERATOR SUGGESTED I TELL THE DEALERSHIP HE SUSPECTED THE STARTER OR THE WIRING TO THE STARTER WAS THE PROBLEM. A/C PRIOR TO THIS EVENT HAD BEEN WORKING NOW HAD NO POWER. DROVE THE VEHICLE IMMEDIATELY TO DEALERSHIP. VEHICLE WAS LEFT AND DIAGNOSED WITH FAULTY STARTER. FUSE WAS BLOWN TO A/C. (WE DID NOTE THAT THE CAR HAD BEEN HARDER TO START RECENTLY - HAVING TO TURN THE KEY MORE THAN 1 TIME TO GET THE CAR TO START. STILL, THIS WAS HARDLY NOTICEABLE OR APPARENT THAT A PROBLEM WAS DEVELOPING.)

STARTER AND FUSE TO BE REPLACED AT DEALERSHIP. WILL BE PICKING UP CAR HOPEFULLY TODAY.

THIS WAS NOT MERELY INCONVENIENT AND UNPLEASANT BUT EXTREMELY DANGEROUS EMERGENCY FOR PERSONS WITH HEALTH/MEDICAL ISSUES - IT WAS VERY HOT OUT WITH POOR AIR QUALITY AND PASSENGER AND MYSELF WERE STRANDED AND WITHOUT A/C FOR 4 HOURS.

CONCERNED ABOUT THIS HAPPENING AGAIN AND WHY THIS HAPPENED. VEHICLE IS MAINTAINED. 3YRS OLD WITH APPROX 35,000. I AM SEEING NUMEROUS SIMILAR/IDENTICAL REPORTS FROM OTHER OWNERS.

w. October 11, 2016 OCT 11, 2016, I DROVE THE KIDS TO SCHOOL AND PARKED THE VEHICLE ON THE STREET. AFTER WALKED THEN CLASS, I RETURNED TO THE VEHICLE. THE CAR DID NOT START ON THE FIRST TRY, SECOND TRY, BUT IT STARTED ON THIRD TRY. SINCE PURCHASED, I REPLACED BATTERY TWICE DUE TO THE ABOVE REASONS. I HAD BATTERY CHECKED AND IT'S STILL GOOD. PLEASE INVESTIGATE.

x. April 3, 2017 FOR THE LAST YEAR, THE CAR HAS BEEN UNABLE TO START AFTER PARKING IT FOR A FEW MINUTES. USUALLY AFTER A FEW KEY TURNS IT WILL START. A MONTH AGO IT WOULD NOT START AT ALL, SO WE TOWED IT. THE DEALERSHIP DECIDED IT WAS THE STARTER. AFTER 37,000 MILES? IT'S A HONDA! IT WORKED FINE FOR 5 WEEKS AND THEN IT DIED AGAIN AFTER BEING DRIVEN JUST A FEW MILES. THIS TIME THE DASH LIGHTS FLASHED AND CLICKED FOR A FEW MINUTES BUT WOULD NOT START. AFTER TOWING IT, THE DEALERSHIP HOOKED IT UP TO A JUMPSTART AND IT STARTED! THREE LIGHTS CONTINUED TO FLASH SO THE DEALERSHIP HOOKED IT UP TO THE COMPUTER. I CALLED THEM A COUPLE DAYS

LATER AND THEY HAVE NO ANSWERS. I HATE LETTING MY WIFE DRIVE AN UNRELIABLE VEHICLE.

y. September 26, 2017 TL:* THE CONTACT OWNS A 2014 HONDA ACCORD. THE CONTACT STATED THAT WHILE STOPPED AT A STOP SIGN, THE VEHICLE STALLED WITHOUT WARNING. THE FAILURE RECURRED ON THREE OCCASIONS. THE VEHICLE FAILED TO RESTART. THE VEHICLE WAS TOWED TO THE DEALER. THE VEHICLE WAS NOT DIAGNOSED OR REPAIRED. THE MANUFACTURER WAS NOTIFIED OF THE FAILURE. THE APPROXIMATE FAILURE MILEAGE WAS 50. THE VIN WAS NOT AVAILABLE.

z. June 2, 2017 STARTER PROBLEMS, CAR STARTS THEN DOES NOT START, STATIONARY

## 2014 Honda Accord

aa. May 5, 2015 ENGINE CRANKS BUT FAILS TO START, OR STARTS SLUGGISHLY WITH ROUGH IDLE AFTER A FEW SECONDS OF CRANKING IN COLD WEATHER. I BELIEVE THIS TO BE A FUEL PUMP PRESSURE PROBLEM. *TR

bb. July 15, 2015 WHEN TRYING TO START MY 2014 HONDA ACCORD LX, I HAVE TO ATTEMPT IT SEVERAL TIMES TURNING THE IGNITION SWITCH BACK AND FORTH BEFORE IT WILL START. SOMETIMES IT STARTS RIGHT AWAY, SOMETIMES IT TAKES 16 TIMES! I TOOK THE HONDA TO THE HOLLER HONDA DEALERSHIP (WHICH IS THE ONLY PLACE I TAKE IT TO FOR SERVICE SINCE I BOUGHT IT) AND THEY ARE STATING IT'S A "STARTER ISSUE" AND THAT IT'S NOT COVERED UNDER THE "POWER TRAIN" WARRANTY AND THAT I WOULD HAVE TO PAY $495 FOR A NEW STARTER, PLUS $200 LABOR. THE CAR BEING SO NEW DOES NOT HAVE "AFTER MARKET" PARTS AND SO I WOULD HAVE TO BUY IT NEW.

cc. April 6, 2016 MY 2014 HONDA ACCORD SPORT DEVELOPED STARTING PROBLEMS. I TOOK MY CAR TO DEALER AND THEY STATED THAT IT WAS A STARTER PROBLEM. BECAUSE I HAVE 47,000 MILES ON THE CAR, WARRANTY DOES NOT COVER REPAIR.

dd. June 9, 2016 2014 HONDA ACCORD FAILS TO START PERIODICALLY. THE DEALERSHIP OFFERS NO SOLUTION TO THE PROBLEM IF THERE IS NO ERROR CODE AND ACTS IF THIS IS THE FIRST TIME IT HAS HAPPENED TO THE ACCORD. TIME FOR ANOTHER RECALL.. THIS PROBLEM IS ALL OVER THE INTERNET.

ee. September 13, 2016 THIS VEHICLE HAS NO START CONDITION AT TIME. BATTERY HAS BEEN REPLACED IN THREE DIFFERENT OCCASSIONS DURING A COURSE OF 26 MONTHS. THIS VEHICLE WAS STATIONARY.

ff. December 11, 2016 IN JULY 2016, DEALER REPLACED STARTER BASED ON SERVICE BULLETIN. HAD COMPLAINED FOR SOME TIME THAT OCCASIONALLY WHEN STARTING THE VEHICLE, THE STARTER ENERGIZES BUT DOES NOT ENGAGE THE FLYWHEEL. I PROVIDED A VIDEO OF THE OCCURRENCE TO THE DEALER WHICH PROMPTED THE REPLACEMENT IN JULY. CAR WAS FINE FOR A COUPLE OF MONTHS, THEN THE PROBLEM BEGAN TO REOCCUR. RETURNED TO DEALER WHO EVALUATED AND BECAUSE THE ISSUE IS INTERMITTENT COULD FIND NOTHING WRONG. ON 12/6/16, TRIED SEVERAL TIMES TO START MY VEHICLE WITHOUT SUCCESS, ALL YOU HEAR IS THE WHINING OF THE STARTER. I HAVE ON VIDEO. LET VEHICLE SIT A WHILE AND TRIED LATER WITH SUCCESS. BROUGHT VEHICLE BACK TO DEALER THE NEXT DAY. SHOWED THEM THE VIDEO. THE TOOK VEHICLE IN AND DETERMINED EVERYTHING WAS NORMAL. THEY DID NOT EXPERIENCE THE ISSUE WITH THE STARTER BECAUSE IT IS INTERMITTENT OCCURRING ABOUT EVERY 3-4 DAYS THEY SENT ME ON MY WAY. I AM CONCERNED THAT WITH WINTER IN FULL SWING, I WILL BE STRANDED OUT IN MY CAR BECAUSE OF A FAULTY STARTER I AM UNCOMFORTABLE GOING ANYWHERE WITH MY VEHICLE.

gg. April 10, 2017 2014 HONDA ACCORD SPORT EXPERIENCING PROGRESSIVE INTERMITTENT STARTING PROBLEMS WITH 56,000 MILES ON ODOMETER. CAR HAS A NEW BATTERY LESS THAN 4 MONTHS OLD. CLICKING SOUND CAN BE HEARD UNDER ENGINE BUT STARTER WILL NOT TURN. AFTER 3 TO 15 ATTEMPTS STARTER WILL ENGAGE AND CAR STARTS. PROBLEM OCCURS AT ANY TIME. WITH HOT OR COLD ENGINE. INTERNET SEARCH SHOWS MANY OTHERS ARE EXPERIENCING SAME PROBLEM. DEALERS ARE RECOMMENDING STARTER REPLACEMENT. DEALER REPAIR IS BETWEEN $600 TO $900.

**2015 Honda Accord**

hh. March 7, 2015 CAR WOULD NOT START. LIGHTS, RADIO, AIR CONDITION & LIGHT INDICATORS ALL WERE FUNCTIONAL. BATTERY TESTED AND WAS INFORMED WAS NOT THE PROBLEM. CAR WAS TOWED TO CLOSEST HONDA DEALER. *TR

ii. August 1, 2016 * THE CONTACT OWNS A 2015 HONDA ACCORD. WHILE ATTEMPTING TO START THE ENGINE, THE VEHICLE FAILED TO START. ON SEVERAL OCCASIONS, WHILE DRIVING, THE VEHICLE SUDDENLY SHUT OFF. THE VEHICLE WAS TAKEN TO GOADY HONDA IN ALHAMDIA CALIFORNIA WHERE IT WAS DIAGNOSED THAT THE ALTERNATOR WAS FAULTY. THE ALTERNATOR AND BATTERY WERE REPLACED BUT THE FAILURE CONTINUED. THE MANUFACTURER WAS NOTIFIED OF THE FAILURES. THE FAILURE MILEAGE WAS 400.

jj. February 3, 2016 WITH APPROXIMATELY 4600 MILES VEHICLE WOULD NOT START. SEVERAL ERROR MESSAGES SHOWED UP: ANTI LOCKING BRAKE PROBLEM, ACC PROBLEM AND BRAKE SYSTEM PROBLEMS. HONDA TOWED TO SERVICE DEPARTMENT. LOW BATTERY WAS DIAGNOSED AND DEALER INSTALLED NEW BATTERY.

kk. December 1, 2016 PURCHASED 2 HONDA ACCORD EX-L V6'S IN DECEMBER OF 2014. JUST 1 WEEK AGO ONE OF THE BATTERIES SUDDENLY DIED AND EVENTUALLY SHOWED "CHECK CHARGE SYSTEM" ON THE DISPLAY. HONDA DETERMINED THAT THE BATTERY WAS REALLY LOW AND REPLACED IT. FAST FOWARD JUST A COUPLE OF DAYS AND THE OTHER ONE STARTS TO EXHIBIT THE SAME EXACT PROBLEMS. TAKING IT TO HONDA AGAIN TODAY BUT ASSUME THEY WILL REPLACE THE BATTERY AS WELL. SEEMS ODD THAT THE BATTERY WOULD DIE ON BOTH VEHICLES LESS THAN 2 YEARS AFTER PURCHASE. CARS ARE DRIVEN DAILY FOR ATLEAST A 20 MINUTE COMMUTE EACH WAY PLUS OTHER TRIPS/ERRANDS/ETC. VERY UNACCEPTABLE AND SEEMS TO BE A COMMON ISSUE DATING BACK TO PREVIOUS MODELS.

43.    Consumers similarly complained of the Starter Motor Defect online at various forums. Below are some examples.

a. October 5, 2013 … I have 2013 Accord LX and have intermittent starting problem. Doesn't matter if it's cold or hot, sometimes it just doesn't start. I leave it alont for about a min or two with key out and then it'll start, sometimes longer. Battery is not the problem and I've already taken to the dealership to have them check the battery and the starting system. Checked out ok, they couldn't duplicate… (*Available at* http://www.driveaccord.net/forums/86-9th-generation/139258-2013-accord-lx-starting-problem.html)

b. October 5, 2013 I have an intermittent problem similar to this!!! I can hear the starter turning the engine, and sometimes it take literally 3-4 seconds of the engine turning, then it turns on… (*Id.*)

**Honda Had Superior and Exclusive Knowledge of the Starter Motor Defect**

44.    Honda had superior and exclusive knowledge of the Starter Motor Defect and knew or should have known that the defect was not known or reasonably discoverable by Plaintiff and Class Members before they purchased or leased the Class Vehicles.

45.    Plaintiff is informed and believes and based thereon alleges that

before Plaintiff purchased her Class Vehicle, and since 2013, Honda knew about the Starter Motor Defect through sources not available to consumers, including pre-release testing data, early consumer complaints about the Starter Motor Defect to Honda and its dealers, testing conducted in response to those complaints, high failure rates and replacement part sales data, and aggregate data from Honda dealers, among other internal sources of aggregate information about the problem.

46.    On or around February 5, 2016, Honda issued a TSB to its dealers labelled "A16-002". In the bulletin, Honda notified its dealers that the starter motors in the 2013-2015 Accord and 2013-2015 Honda Crosstour vehicles were grinding at start-up due to inadequate clearance between the starter motor gear and the torque converter ring gear. The bulletin directed the dealerships to replace the starter motor and to reposition the ring gear. However, despite these repairs, class members continued to experience failure to start and premature starter motor failure.

47.    On or around October 27, 2016, Honda issued a TSB ATS161003to its dealers. The TSB notified Honda dealers that 2013-2016 Honda Accord vehicles were exhibiting the following concerns: "THE ENGINE GRANKS, BUT IT WON'T START" and "THE ENGINE STARTS, THEN STOPS." The bulletin went on to state, "We're aware of these issues and currently have them under investigation." Meanwhile, Class Vehicle owners continue to experience failure to start and premature starter motor failure.

48.    The existence of the Starter Motor Defect is a material fact that a reasonable consumer would consider when deciding whether to purchase or lease a Class Vehicle.  Had Plaintiff and other Class Members known that the Class Vehicles were equipped with defective starter motors and inadequate batteries subject to premature failure, they would not have purchased or leased the Class

1    Vehicles or would have paid less for them.

2         49.    Reasonable consumers, like Plaintiff, reasonably expect that a

3    vehicle's starter motor and batteries are safe, will function in a manner that will

4    not pose a safety hazard, and are free from defects. Plaintiff and Class Members

5    further reasonably expect that Honda will not sell or lease vehicles with known

6    safety defects, such as the Starter Motor Defect, and will disclose any such

7    defects to its consumers when it learns of them. They did not expect Honda to

8    fail to disclose the Starter Motor Defect to them and to continually deny the

9    defect.

10                **Honda Has Actively Concealed the Starter Motor Defect**

11         50.    While Honda has been fully aware of the Starter Motor Defect in the

12   Class Vehicles, it actively concealed the existence and nature of the defect from

13   Plaintiff and Class Members at the time of purchase, lease or repair and

14   thereafter.  Specifically, Honda failed to disclose or actively concealed at and

15   after the time of purchase, lease, or repair:

16              (a)    any and all known material defects or material nonconformity

17                     of the Class Vehicles, including the defects relating to the

18                     starter motor;

19              (b)    that the Class Vehicles, including their starter motors, were

20                     not in good in working order, were defective, and were not fit

21                     for their intended purposes; and

22              (c)    that the Class Vehicles and their starter motors were

23                     defective, despite the fact that Honda learned of such defects

24                     as early as 2013.

25         51.    When consumers present the Class Vehicles to an authorized Honda

26   dealer for repair of the starter motor and battery, rather than repair the problem

27   under warranty, Honda dealers either inform consumers that their vehicles are

28

1   functioning properly, or conduct repairs that merely mask the defect.

2        52.    Honda has caused Plaintiff and Class Members to expend money at

3   its dealerships to diagnose, repair or replace the Class Vehicles' starter motor

4   despite Honda's knowledge of the Starter Motor Defect.

5       **Honda Has Unjustly Retained A Substantial Benefit**

6        53.    On information and belief, Plaintiff alleges that Defendant

7   unlawfully failed to disclose the alleged defect in order to induce her and other

8   putative Class Members to purchase or lease the Class Vehicles.

9        54.    Plaintiff alleges further that Defendant thus engaged in deceptive

10   acts or practices in connection with the transactions involving all the Class

11   Vehicles, including Plaintiff's.

12        55.    As discussed above, therefore, Plaintiff alleges that Defendant

13   unlawfully induced her to purchase her Class Vehicle by concealing a material

14   fact (the defective starter motor) and that she would have paid less for the Class

15   Vehicle or not purchased it at all, had she known of the defect

16        56.    Accordingly, Defendant's ill-gotten gains, benefits accrued in the

17   form of increased sales and profits resulting from the material omissions that did

18   - and likely will continue to - deceive consumers, should be disgorged.

19                 **CLASS ACTION ALLEGATIONS**

20        57.    Plaintiff brings this lawsuit as a class action on behalf of himself

21   and all others similarly situated as members of the proposed Class pursuant to

22   Federal Rules of Civil Procedure 23(a) and 23(b)(3). This action satisfies the

23   numerosity, commonality, typicality, adequacy, predominance, and superiority

24   requirements of those provisions.

25        58.    The Class and Sub-Class are defined as:

26

27          **Nationwide Class**: All individuals in the United States,
            excluding New Jersey, who purchased or leased any

28          2013-2016 Honda Accord or Honda Crosstour vehicle

CLASS ACTION COMPLAINT

(the "Nationwide Class" or "Class").

**California Sub-Class**:  All members of the Nationwide Class who reside in the State of California.

**CLRA Sub-Class**:  All members of the California Sub-Class who are "consumers" within the meaning of California Civil Code § 1761(d).

**Implied Warranty Sub-Class**:  All members of the Nationwide Class who purchased or leased their vehicles in the State of California.

59.     Excluded from the Class and Sub-Classes are:  (1) Defendant, any entity or division in which Defendant has a controlling interest, and their legal representatives, officers, directors, assigns, and successors; (2) the Judge to whom this case is assigned and the Judge's staff; (3) any Judge sitting in the presiding state and/or federal court system who may hear an appeal of any judgment entered; and (4) those persons who have suffered personal injuries as a result of the facts alleged herein.  Plaintiff reserves the right to amend the Class and Sub-Class definitions if discovery and further investigation reveal that the Class and Sub-Class should be expanded or otherwise modified.

60.     Numerosity:  Although the exact number of Class Members is uncertain and can only be ascertained through appropriate discovery, the number is great enough such that joinder is impracticable.  The disposition of the claims of these Class Members in a single action will provide substantial benefits to all parties and to the Court.  The Class Members are readily identifiable from information and records in Defendant's possession, custody, or control, as well as from records kept by the Department of Motor Vehicles.

61.     Typicality:  Plaintiff's claims are typical of the claims of the Class in that Plaintiff, like all Class Members, purchased or leased a Class Vehicle designed, manufactured, and distributed by Honda.  The representative Plaintiff, like all Class Members, has been damaged by Defendant's misconduct in that he has incurred or will incur the cost of repairing or replacing the defective starter

1    motor and battery components.  Furthermore, the factual bases of Honda's

2    misconduct are common to all Class Members and represent a common thread

3    resulting in injury to all Class Members.

4          62.    Commonality:  There are numerous questions of law and fact

5    common to Plaintiff and the Class that predominate over any question affecting

6    only individual Class Members.  These common legal and factual issues include

7    the following:

8                    (a)    Whether Class Vehicles suffer from defects relating to the

9                           starter motor and battery;

10                   (b)    Whether the defects relating to the starter motor and battery

11                          constitute an unreasonable safety risk;

12                   (c)    Whether Defendant knows about the defects relating to the

13                          starter motor and battery and, if so, how long Defendant has

14                          known of the defect;

15                   (d)    Whether the defective nature of the starter motor and battery

16                          constitutes a material fact;

17                   (e)    Whether Defendant has a duty to disclose the defective nature

18                          of the starter motor and battery to Plaintiff and Class

19                          Members;

20                   (f)    Whether Plaintiff and the other Class Members are entitled to

21                          equitable relief, including a preliminary and/or permanent

22                          injunction;

23                   (g)    Whether Defendant knew or reasonably should have known of

24                          the defects relating to the starter motor and battery before it

25                          sold and leased Class Vehicles to Class Members;

26                   (h)    Whether Defendant should be declared financially responsible

27                          for notifying all Class Members of the problems with the

28

Class Vehicles and for the costs and expenses of repairing and replacing the defective starter motor and battery components;

(i)    Whether Defendant is obligated to inform Class Members of their right to seek reimbursement for having paid to diagnose, repair, or replace their defective starter motor and battery components;

(j)    Whether Defendant breached the implied warranty of merchantability pursuant to the Magnuson-Moss Act; and

(k)    Whether Defendant breached the implied warranty of merchantability pursuant to the Song-Beverly Act.

63.    Adequate Representation:  Plaintiff will fairly and adequately protect the interests of the Class Members.  Plaintiff has retained attorneys experienced in the prosecution of class actions, including consumer and product defect class actions, and Plaintiff intends to prosecute this action vigorously.

64.    Predominance and Superiority:  Plaintiff and Class Members have all suffered and will continue to suffer harm and damages as a result of Defendant's unlawful and wrongful conduct.  A class action is superior to other available methods for the fair and efficient adjudication of the controversy. Absent a class action, most Class Members would likely find the cost of litigating their claims prohibitively high and would therefore have no effective remedy at law.  Because of the relatively small size of the individual Class Members' claims, it is likely that only a few Class Members could afford to seek legal redress for Defendant's misconduct.  Absent a class action, Class Members will continue to incur damages, and Defendant's misconduct will continue without remedy.  Class treatment of common questions of law and fact would also be a superior method to multiple individual actions or piecemeal litigation in that class treatment will conserve the resources of the courts and the litigants,

and will promote consistency and efficiency of adjudication.

## FIRST CAUSE OF ACTION

### (Violation of California's Consumers Legal Remedies Act, California Civil Code § 1750, *et seq.*)

65.    Plaintiff incorporates by reference the allegations contained in the preceding paragraphs of this Complaint.

66.    Plaintiff brings this cause of action on behalf of herself and on behalf of the members of the CLRA Sub-Class.

67.    Defendant is a "person" as defined by California Civil Code § 1761(c).

68.    Plaintiff and CLRA Sub-class Members are "consumers" within the meaning of California Civil Code § 1761(d) because they purchased their Class Vehicles primarily for personal, family, or household use.

69.    By failing to disclose and concealing the defective nature of the starter motor and battery from Plaintiff and prospective Class Members, Defendant violated California Civil Code § 1770(a), as it represented that the Class Vehicles and their starter motor and battery had characteristics and benefits that they do not have, and represented that the Class Vehicles and their starter motor and battery were of a particular standard, quality, or grade when they were of another. *See* Cal. Civ. Code §§ 1770(a)(5) & (7).

70.    Defendant's unfair and deceptive acts or practices occurred repeatedly in Defendant's trade or business, were capable of deceiving a substantial portion of the purchasing public, and imposed a serious safety risk on the public.

71.    Defendant knew that the Class Vehicles and their starter motor and battery suffered from an inherent defect, were defectively designed, and were not suitable for their intended use.

72.     As a result of their reliance on Defendant's omissions, owners and/or lessees of the Class Vehicles suffered an ascertainable loss of money, property, and/or value of their Class Vehicles. Additionally, as a result of the Starter Motor Defect, Plaintiff and Class Members were harmed and suffered actual damages in that the Class Vehicles' starter motor and battery components are substantially certain to fail before their expected useful life has run.

73.     Defendant was under a duty to Plaintiff and Class Members to disclose the defective nature of the starter motor and battery and/or the associated repair costs because:

(a)     Defendant was in a superior position to know the true state of facts about the safety defect in the Class Vehicles' starter motor and battery;

(b)     Plaintiff and Class Members could not reasonably have been expected to learn or discover that their starter motor and battery had a dangerous safety defect until it manifested; and

(c)     Defendant knew that Plaintiff and Class Members could not reasonably have been expected to learn of or discover the safety defect.

74.     In failing to disclose the defective nature of starter motor, Defendant knowingly and intentionally concealed material facts and breached its duty not to do so.

75.     The facts Defendant concealed from or failed to disclose to Plaintiff and Class Members are material in that a reasonable consumer would have considered them to be important in deciding whether to purchase or lease the Class Vehicles or pay less.  Had Plaintiff and Class Members known that the Class Vehicles' starter motor and battery were defective, they would not have purchased or leased the Class Vehicles or would have paid less for them.

CLASS ACTION COMPLAINT

76.     Plaintiff and Class Members are reasonable consumers who do not expect the starter motor and battery installed in their vehicles to exhibit problems such as failure to start and premature failure.

77.     This is the reasonable and objective consumer expectation relating to vehicle starter motor and battery.

78.     As a result of Defendant's conduct, Plaintiff and Class Members were harmed and suffered actual damages in that, on information and belief, the Class Vehicles experienced and will continue to experience problems such as failure to start, premature wear, and frequent replacement or repair.

79.     As a direct and proximate result of Defendant's unfair or deceptive acts or practices, Plaintiff and Class Members suffered and will continue to suffer actual damages.

80.     Plaintiff and the Class are entitled to equitable relief.

81.     Plaintiff provided Defendant with notice of its violations of the CLRA pursuant to California Civil Code § 1782(a). If Defendant faileds to provide appropriate relief for their violations of the CLRA within 30 days. Plaintiffs will seek seeks monetary, compensatory, and punitive damages, in addition to the injunctive and equitable relief Plaintiff seeks now.

**SECOND CAUSE OF ACTION**

**(Violation of California Business & Professions Code § 17200, *et seq.*)**

82.     Plaintiff incorporates by reference the allegations contained in the preceding paragraphs of this Complaint.

83.     Plaintiff brings this cause of action on behalf of himself and on behalf of the California Sub-Class.

84.     As a result of their reliance on Defendant's omissions, owners and/or lessees of the Class Vehicles suffered an ascertainable loss of money, property, and/or value of their Class Vehicles. Additionally, as a result of the

Starter Motor Defect, Plaintiff and Class Members were harmed and suffered actual damages in that the Class Vehicles' starter motor and battery components are substantially certain to fail before their expected useful life has run.

85.    California Business & Professions Code § 17200 prohibits acts of "unfair competition," including any "unlawful, unfair or fraudulent business act or practice" and "unfair, deceptive, untrue or misleading advertising."

86.    Plaintiff and Class Members are reasonable consumers who do not expect their starter motor and battery to exhibit problems such as failure to start, premature wear, and frequent replacement or repair.

87.    Defendant knew the Class Vehicles and their starter motor and battery suffered from inherent defects, were defectively designed or manufactured, would fail prematurely, and were not suitable for their intended use.

88.    In failing to disclose the defects with the starter motor and battery, Defendant has knowingly and intentionally concealed material facts and breached its duty not to do so.

89.    Defendant was under a duty to Plaintiff and Class Members to disclose the defective nature of the Class Vehicles and their starter motor and battery because:

(a)    Defendant was in a superior position to know the true state of facts about the safety defect in the Class Vehicles' starter motor and battery; and

(b)    Defendant actively concealed the defective nature of the Class Vehicles and their starter motor and battery from Plaintiff and the Class.

90.    The facts Defendant concealed from or not disclosed to Plaintiff and Class Members are material in that a reasonable person would have considered

1   them to be important in deciding whether to purchase or lease Class Vehicles.

2   Had Plaintiff and other Class Members known that the Class Vehicles' starter

3   motor and battery were defective and posed a safety hazard, then Plaintiff and

4   the other Class Members would not have purchased or leased Class Vehicles

5   equipped with the starter motor and battery, or would have paid less for them.

6          91.   Defendant continued to conceal the defective nature of the Class

7   Vehicles and their starter motor and battery even after Class Members began to

8   report problems.

9          92.   Defendant's conduct was and is likely to deceive consumers.

10          93.   Defendant's acts, conduct and practices were unlawful, in that they

11   constituted:

12                 (a)   Violations of California's Consumers Legal Remedies Act;

13                 (b)   Violations of the Song-Beverly Consumer Warranty Act;

14                 (c)   Violations of the Magnuson-Moss Warranty Act.

15          94.   By its conduct, Defendant has engaged in unfair competition and

16   unlawful, unfair, and fraudulent business practices.

17          95.   Defendant's unfair or deceptive acts or practices occurred

18   repeatedly in Defendant's trade or business, and were capable of deceiving a

19   substantial portion of the purchasing public.

20          96.   As a direct and proximate result of Defendant's unfair and deceptive

21   practices, Plaintiff and the Class have suffered and will continue to suffer actual

22   damages.

23          97.   Defendant has been unjustly enriched and should be required to

24   make restitution to Plaintiff and the Class pursuant to §§ 17203 and 17204 of the

25   Business & Professions Code.

26

27

28

**THIRD CAUSE OF ACTION**

**(Breach of Implied Warranty Pursuant to Song-Beverly**

**Consumer Warranty Act, California Civil Code §§ 1792 and 1791.1, *et seq.*)**

98.    Plaintiff incorporates by reference the allegations contained in the preceding paragraphs of this Complaint.

99.    Plaintiff brings this cause of action against Defendant on behalf of himself and on behalf of the members of the Implied Warranty Sub-Class.

100.    Defendant was at all relevant times the manufacturer, distributor, warrantor, and/or seller of the Class Vehicles.  Defendant knew or had reason to know of the specific use for which the Class Vehicles were purchased or leased.

101.    Defendant provided Plaintiff and Class Members with an implied warranty that the Class Vehicles and their components and parts are merchantable and fit for the ordinary purposes for which they were sold. However, the Class Vehicles are not fit for their ordinary purpose of providing reasonably reliable and safe transportation because, inter alia, the Class Vehicles and their starter motor and battery suffered from an inherent defect at the time of sale and thereafter are not fit for their particular purpose of providing safe and reliable transportation.

102.    Defendant impliedly warranted that the Class Vehicles were of merchantable quality and fit for such use.  This implied warranty included, among other things:  (i) a warranty that the Class Vehicles and their starter motor and battery were manufactured, supplied, distributed, and/or sold by Honda were safe and reliable for providing transportation; and (ii) a warranty that the Class Vehicles and their starter motor and battery would be fit for their intended use while the Class Vehicles were being operated.

103.    Contrary to the applicable implied warranties, the Class Vehicles and their starter motor and battery at the time of sale and thereafter were not fit

for their ordinary and intended purpose of providing Plaintiff and Class Members with reliable, durable, and safe transportation. Instead, the Class Vehicles are defective, including but not limited to the defective design of their starter motor and battery.

104.   The alleged Starter Motor Defect is inherent in each Class Vehicle and was present in each Class Vehicle at the time of sale.

105.   As a result of Defendant's breach of the applicable implied warranties, owners and/or lessees of the Class Vehicles suffered an ascertainable loss of money, property, and/or value of their Class Vehicles. Additionally, as a result of the Starter Motor Defect, Plaintiff and Class Members were harmed and suffered actual damages in that the Class Vehicles' starter motor and battery components are substantially certain to fail before their expected useful life has run.

106.   Defendant's actions, as complained of herein, breached the implied warranty that the Class Vehicles were of merchantable quality and fit for such use in violation of California Civil Code §§ 1792 and 1791.1.

## FOURTH CAUSE OF ACTION

### (Breach of Implied Warranty under the Magnuson-Moss Warranty Act, 15 U.S.C. § 2303 *et seq.*)

107.   Plaintiff incorporates by reference the allegations contained in the preceding paragraphs of this Complaint.

108.   Plaintiff brings this cause of action on behalf of himself and on behalf of the Nationwide Class, or, in the alternative, on behalf of the California Sub-Class, against Defendant.

109.   The Class Vehicles are a "consumer product" within the meaning of the Magnuson-Moss Warranty Act, 15 U.S.C. § 2301(1).

110.   Plaintiff and Class Members are "consumers" within the meaning of

the Magnuson-Moss Warranty Act, 15 U.S.C. § 2301(3).

111.   Defendant is a "supplier" and "warrantor" within the meaning of the Magnuson-Moss Warranty Act, 15 U.S.C. § 2301(4)-(5).

112.   Honda impliedly warranted that the Class Vehicles were of merchantable quality and fit for such use.  This implied warranty included, among other things:  (i) a warranty that the Class Vehicles and their starter motor and battery were manufactured, supplied, distributed, and/or sold by Honda were safe and reliable for providing transportation; and (ii) a warranty that the Class Vehicles and their starter motor and battery would be fit for their intended use while the Class Vehicles were being operated.

113.   Contrary to the applicable implied warranties, the Class Vehicles and their starter motor and battery at the time of sale and thereafter were not fit for their ordinary and intended purpose of providing Plaintiff and Class Members with reliable, durable, and safe transportation.  Instead, the Class Vehicles are defective, including but not limited to the defective design of their starter motor and battery.

114.   Defendant's breach of implied warranties has deprived Plaintiff and Class Members of the benefit of their bargain.

115.   The amount in controversy of Plaintiff' individual claims meets or exceeds the sum or value of $25,000.  In addition, the amount in controversy meets or exceeds the sum or value of $50,000 (exclusive of interests and costs) computed on the basis of all claims to be determined in this suit.

116.   Defendant has been afforded a reasonable opportunity to cure its breach, including when Plaintiff and Class Members brought their vehicles in for diagnoses and repair of the starter motor and battery.

117.   As a direct and proximate cause of Defendant's breach of implied warranties, Plaintiff and Class Members sustained damages and other losses in

1  an amount to be determined at trial.  Defendant's conduct damaged Plaintiff and

2  Class Members, who are entitled to recover actual damages, consequential

3  damages, specific performance, diminution in value, costs, attorneys' fees,

4  and/or other relief as appropriate.

5      118.    As a result of Defendant's violations of the Magnuson-Moss

6  Warranty Act as alleged herein, Plaintiff and Class Members have incurred

7  damages.

8                      **FIFTH CAUSE OF ACTION**

9                       **(For Unjust Enrichment)**

10     119.    Plaintiff incorporates by reference the allegations contained in the

11  preceding paragraphs of this Complaint.

12     120.    Plaintiff brings this cause of action on behalf of himself and on

13  behalf of the Class Members against Defendant.

14     121.    As a direct and proximate result of Defendant's failure to disclose

15  known defects, Defendant has profited through the sale and lease of said

16  vehicles.  Although these vehicles are purchased through Defendant's agents, the

17  money from the vehicle sales flows directly back to Defendant.

18     122.    Additionally, as a direct and proximate result of Defendant's failure

19  to disclose known defects in the Class Vehicles, Plaintiff and Class Members

20  have vehicles that require repeated, high-cost repairs that can and therefore have

21  conferred an unjust substantial benefit upon Defendant.

22     123.    Defendant has therefore been unjustly enriched due to the known

23  defects in the Class Vehicles through the use of funds that earned interest or

24  otherwise added to Defendant's profits when said money should have remained

25  with Plaintiff and Class Members.

26     124.    As a result of the Defendant's unjust enrichment, Plaintiff and Class

27  Members have suffered damages.

28

CLASS ACTION COMPLAINT

### RELIEF REQUESTED

125.   Plaintiff, on behalf of himself, and all others similarly situated, request the Court to enter judgment against Defendant, as follows:

(a)   An order certifying the proposed Class and Sub-Classes, designating Plaintiff as named representative of the Class, and designating the undersigned as Class Counsel;

(a)   A declaration that Defendant is financially responsible for notifying all Class Members about the defective nature of the starter motor and battery, including the need for periodic maintenance;

(b)   An order enjoining Defendant from further deceptive distribution, sales, and lease practices with respect to Class Vehicles; compelling Defendant to issue a voluntary recall for the Class Vehicles pursuant to.  49 U.S.C. § 30118(a); compelling Defendant to remove, repair, and/or replace the Class Vehicles' defective starter motor and battery components with suitable alternative product(s) that do not contain the defects alleged herein; enjoining Defendant from selling the Class Vehicles with the misleading information; and/or compelling Defendant to reform its warranty, in a manner deemed to be appropriate by the Court, to cover the injury alleged and to notify all Class Members that such warranty has been reformed;

(c)   A declaration requiring Defendant to comply with the various provisions of the Song-Beverly Act alleged herein and to make all the required disclosures;

(d)   An award to Plaintiff and the Class for compensatory,

exemplary, and statutory damages, including interest, in an amount to be proven at trial;

(e)    Any and all remedies provided pursuant to the Song-Beverly Act, including California Civil Code section 1794;

(f)    Any and all remedies provided pursuant to the Magnuson-Moss Warranty Act;

(g)    A declaration that Defendant must disgorge, for the benefit of the Class, all or part of the ill-gotten profits it received from the sale or lease of its Class Vehicles, or make full restitution to Plaintiff and Class Members;

(h)    An award of attorneys' fees and costs, as allowed by law;

(i)    An award of attorneys' fees and costs pursuant to California Code of Civil Procedure § 1021.5;

(j)    An award of pre-judgment and post-judgment interest, as provided by law;

(k)    Leave to amend the Complaint to conform to the evidence produced at trial; and

(l)    Such other relief as may be appropriate under the circumstances.

## DEMAND FOR JURY TRIAL

126.    Pursuant to Federal Rule of Civil Procedure 38(b) and Southern District of California Local Rule 38.1, Plaintiff demands a trial by jury of any and all issues in this action so triable.

Dated:  June 26, 2017

Respectfully submitted,

Capstone Law APC


By: /s/ Jordan L. Lurie

Jordan L. Lurie
Tarek H. Zohdy
Cody R. Padgett
Karen L. Wallace

Attorneys for Plaintiff Carolina Martinez

# EXHIBIT 1

Jordan L. Lurie (SBN 130013)
Jordan.Lurie@capstonelawyers.com
Tarek H. Zohdy (SBN 247775)
Tarek.Zohdy@capstonelawyers.com
Cody R. Padgett (SBN 275553)
Cody.Padgett@capstonelawyers.com
Karen L. Wallace (SBN 272309)
Karen.Wallace@capstonelawyers.com
Capstone Law APC
1875 Century Park East, Suite 1000
Los Angeles, California 90067
Telephone: (310) 556-4811
Facsimile: (310) 943-0396

Attorneys for Plaintiff
Carolina Martinez

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CAROLINA MARTINEZ, individually, and on behalf of a class of similarly situated individuals,<br><br>        Plaintiff,<br><br>    v.<br><br>AMERICAN HONDA MOTOR CO., INC., a California corporation, and HONDA NOTRH AMERICA, INC., a California corporation,<br><br>        Defendant. | Case No.:<br><br>**DECLARATION OF CAROLINA MARTINEZ IN SUPPORT OF VENUE FOR CLASS ACTION COMPLAINT PURSUANT TO CIVIL CODE SECTION 1780(d)** |

DocuSign Envelope ID: 037AA3E5-0A71-4E07-8BAD-A79ED3A6D424

# DECLARATION OF CAROLINA MARTINEZ

I, CAROLINA MARTINEZ, declare under penalty of perjury as follows:

1. I make this declaration based upon my personal knowledge except as to those matters stated herein that are based upon information and belief, and as to those matters I believe them to be true. I am over the age of eighteen, a citizen of the State of California, and a Plaintiff in this action.

2. Pursuant to California Civil Code section 1780(d), this Declaration is submitted in support of Plaintiff's Selection of Venue for the Trial of Plaintiff's Cause of Action alleging violation of California's Consumers Legal Remedies Act.

3. I purchased my 2015 Honda Accord, which is the subject of this action, from Norm Reeves Honda, an authorized Honda dealer in Cerritos, California.

4. I reside in Norwalk, California.

5. Therefore, this Court is a proper venue for the prosecution of my California's Consumers Legal Remedies Act cause of action because a substantial portion of the events giving rise to my claims occurred here.


I declare under penalty of perjury under the laws of California and the United States of America that the foregoing is true and correct.

Executed on June ___ , 2017 in _____, California.
6/23/2017          Norwalk


_____
Carolina Martinez